NOT FOR PUBLICATION                                    [Docket No. 15]

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

JOHN G. WALLACE,

        Plaintiff,

                          Civil No. 06-5210 (RMB)

    v.

HON. CARMEN H. ALVAREZ, et al.,    **OPINION**

        Defendants.

Appearances:

    John G. Wallace
    212 W. South Street
    Bluffton, IN 46714
        Plaintiff, pro se

    Alyson Rachel Jones
    Office of the N.J. Attorney General
    Department of Law & Public Safety
    Division of Law
    25 Market St.
    P.O. Box 112
    Trenton, NJ 08625
        Attorney for Defendant, Honorable Carmen H. Alvarez

    Judson B. Barrett
    Barrett and Pavluk, LLC
    Ocean Park Professional Bldg.
    1602 Lawrence Avenue, Suite 108
    Ocean, NJ 07712

**BUMB**, United States District Judge:

    This matter comes before the Court upon a motion to dismiss Plaintiff, John G. Wallace's Complaint by Defendant the Honorable

1

Carmen H. Alvarez, Judge, Superior Court of New Jersey. Plaintiff's Complaint alleges Judge Alvarez and others denied him due process of law in connection with a motion Plaintiff filed in state court to terminate a state sentence of probation. Defendant Judge Alvarez moves to dismiss the Complaint on several grounds including absolute and sovereign immunity. For the reasons discussed below, Defendant's motion will be granted.

I.  Standard

"Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  The allegations contained in the complaint will be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972).  Plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

The Court is mindful that pro se litigants' pleadings are

held to a more liberal standing. Pro se complaints in particular should be construed so as to do substantial justice; a short plain statement is often all that is required. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). It bears repeating, dismissal is appropriate only where it appears that no set of facts would entitle plaintiff to relief. Id. at 233.

II. Statement of Facts

Plaintiff was previously employed by the City of Wildwood as Treasurer of the Wildwood Tourist Development Commission. In this capacity, alleged the State of New Jersey, Plaintiff forged signatures on checks and committed other malfeasance to steal from his employer. Plaintiff was charged with several offenses and, in a proceeding presided over by Judge Alvarez in January of 1999, Plaintiff pleaded guilty to two charges of theft by deception. Judge Alvarez sentenced Plaintiff to five years of probation for each count, to run consecutively. Additionally, Judge Alvarez ordered Plaintiff to pay restitution, perform community service, maintain full-time employment, and remain drug and alcohol free. The State dismissed the remaining charges against Plaintiff.

In July of 2006, Plaintiff filed a motion in state court seeking an early termination of probation. While the Complaint is unclear, this Court assumes the motion was before Judge

Alvarez. Plaintiff complains that this motion was not set for a hearing. On or about August 10, 2006, Plaintiff's motion was denied but Judge Alvarez did not issue an appropriate order or serve Plaintiff with notice that the motion was denied. Rather, Plaintiff discovered that his motion was denied in a telephone call with the Cape May County Probation Department.

Plaintiff filed a Complaint in this Court on October 31, 2006. Plaintiff asserts that in connection with his motion he was denied due process and the right to counsel. Plaintiff also alleges that Defendant "did not properly handle a legal motion and failed to take the correct actions as to give the motion the proper consideration as required by the rules of the court and" state law. [Doc. 1 at 3].

Defendant Judge Alvarez now moves to dismiss Plaintiff's Complaint on several grounds. Plaintiff has not filed an opposition but has written the Court and requested the Court "put aside" the motion. In considering this motion, the Court will consider all of Plaintiff's pro se submissions. To the extent Plaintiff's letter is a request to stay the proceedings, that request is denied for the reasons below.

III. Analysis

Judge Alvarez argues that Plaintiff's Complaint should be dismissed on the basis of the absolute immunity afforded judges

4

when performing their judicial functions.  See Briscoe v. LaHue, 460 U.S. 325, 334 (1983).  The doctrine of absolute judicial immunity is based upon the need to permit judges to render decisions with independence and without fear of consequences.  Pierson v Ray, 386 U.S. 547, 554 (1967).  It is well established that judges are immune from civil rights suits based on actions performed in their judicial capacities.  Briscoe, 460 U.S. at 334; see also, Supreme Court of Virgina v. Consumers Union of the United States, Inc., 446 U.S. 719, 734-35 (1980); Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Immunity extends even where a judge acts erroneously, corruptly, or in excess of her jurisdiction.  Mireles, 502 U.S. at 11-12.  In such circumstances, recourse can be obtained through appeal but "unsatisfied litigants may not hound [a Judge] with litigation charging malice or corruption."  Shuster v. Oppelman, 963 F. Supp. 394, 396 (S.D.N.Y. 1997) (quoting Pierson, 384 U.S. at 554).

In Mireles, the Supreme Court held that a judge is absolutely immune from suit unless the actions complained of "were not taken in the judge's judicial capacity"; or the suit arises from actions taken by the judge "in the complete absences of all jurisdiction."  502 U.S. at 11; see also, Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000).  An act is a judicial act when "it is a function normally performed by a

judge," when it is an act that arises out of the parties' dealings with the judge in her judicial capacity. Figueroa, 208 F.3d at 443.

Plaintiff does not allege that Judge Alvarez was acting outside the scope of her normal judicial functions. Indeed, Plaintiff's Complaint, no matter how liberally construed, cannot support an allegation that the conduct of which Plaintiff complains was outside Judge Alvarez's judicial capacity. Judge Alvarez's actions, ruling on a motion (with or without a hearing), are the actions performed by a judge. The acts complained of arise out of Plaintiff's dealings with Judge Alvarez in her judicial capacity. The actions complained of are unquestionably judicial acts and as such afford Judge Alvarez immunity from suits based on those acts. Plaintiff's Complaint against Judge Alvarez will be dismissed.

To the extent Plaintiff complains of the form of Judge Alvarez'z judicial acts the proper remedy lies in state court. That is, to whatever extent it was improper for Judge Alvarez to deny Plaintiff's motion without a hearing, Plaintiff can seek relief through appeal or petition for an appropriate writ in state court and in accordance with the New Jersey Court Rules.

Plaintiff submitted a letter requesting that this Court either deny the motion to dismiss or put it aside. In support of his request Plaintiff identifies this Court's refusal to appoint

6

pro bono counsel and his difficulty in obtaining legal assistance.  Plaintiff's request for the appointment of pro bono counsel was denied on February 16, 2007.  The Court fails to see how the assistance of counsel could overcome the critical deficiency in Plaintiff's claims against Judge Alvarez.  Nonetheless, Plaintiff's claims against Judge Alvarez will be dismissed without prejudice.

Finally, the Court notes that the Plaintiff has complained by letters dated March 6, 2007, and March 13, 2007, that this Court denied his application to proceed without prepayment of fees under 28 U.S.C. § 1915 (the "IFP Order").  Indeed, Plaintiff informs the Court of a contemplated appeal "to the circuit court in hopes of bringing a more fair means of income evaluation to the system."  Further, the Plaintiff proclaims that "[m]ore modern income guidelines would be a big step toward justice for all." (Pl.'s letter of March 13, 2007).  Construing Plaintiff's correspondence as a second motion for reconsideration of this Court's IFP Order, it is difficult for this Court to find that the Plaintiff "is unable to pay" the filing fee, see 28 U.S.C. § 1915(a)(1), when, in fact, he did pay it, as stated in this Court's previous Order of March 7, 2007.  Although the payment of the filing fee may have created a hardship, that is not the standard set forth in section 1915.  Finally, parenthetically, this Court notes that although Plaintiff stated in his initial

application that he earned a salary of $24,960 and received no money from any other sources, Plaintiff now informs the Court that his family "receive[s] medical assistance, free lunches, are in the process of qualifying for food stamps and home energy assistance."  (March 6, 2007 letter).  Thus, it remains this Court's view that although the filing fee may be a hardship, under the terms of the statute, the Plaintiff is, and indeed was, able to pay the filing fee given his salary and the supplemental sources he now identifies.

IV. Conclusion

    For the reasons above, Defendant's motion to dismiss Plaintiff's Complaint is granted.  Plaintiff's claims against Judge Alvarez are dismissed without prejudice.  Plaintiff is granted leave to file an Amended Complaint that states a proper claim within thirty days of the entry of the Order accompanying this Opinion.  Plaintiff's Complaint against the non-moving Defendants remains.  An appropriate Order shall issue this date.


Date: May 8, 2007                    s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge